# In the United States Court of Federal Claims
## OFFICE OF SPECIAL MASTERS
### No. 16-282V
### Filed: October 5, 2016
UNPUBLISHED

* * * * * * * * * * * * * * * * * * * * * * * * *

| | | |
|---|---|---|
| GRETCHEN KOKOTOVICH, | * | |
| | * | |
| Petitioner, | * | Ruling on Entitlement; Concession; |
| v. | * | Tetanus-diphtheria-acellular Pertussis |
| | * | ("Tdap") Vaccination; Shoulder Injury |
| SECRETARY OF HEALTH | * | Related to Vaccine Administration |
| AND HUMAN SERVICES, | * | ("SIRVA"); Special Processing Unit |
| | * | ("SPU") |
| | * | |
| Respondent. | * | |
| | * | |

* * * * * * * * * * * * * * * * * * * * * * * * *

*Maximillian J. Muller, Muller Brazil, LLP, Dresher, PA, for petitioner.*
*Alice Isabel Legat Tayman, U.S. Department of Justice, Washington, DC, for respondent.*

## RULING ON ENTITLEMENT[1]

**Dorsey**, Chief Special Master:

On February 29, 2016, petitioner filed a petition for compensation under the National Vaccine Injury Compensation Program, 42 U.S.C. §300aa-10, *et seq.*,[2] (the "Vaccine Act"). Petitioner alleges that she suffered a shoulder injury that was caused in fact by her April 3, 2015 Tetanus-diphtheria-acellular pertussis vaccination. Petition at 1. The case was assigned to the Special Processing Unit of the Office of Special Masters.

On September 30, 2016, respondent filed her Rule 4(c) report in which she concedes that petitioner is entitled to compensation in this case. Respondent's Rule 4(c) Report at 1. Specifically, respondent "has concluded that compensation is appropriate in this case. [Respondent] has concluded that petitioner's alleged injury is

---

[1] Because this unpublished ruling contains a reasoned explanation for the action in this case, the undersigned intends to post it on the United States Court of Federal Claims' website, in accordance with the E-Government Act of 2002. 44 U.S.C. § 3501 note (2012) (Federal Management and Promotion of Electronic Government Services). In accordance with Vaccine Rule 18(b), petitioner has 14 days to identify and move to redact medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy. If, upon review, the undersigned agrees that the identified material fits within this definition, the undersigned will redact such material from public access.

[2] National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755. Hereinafter, for ease of citation, all "§" references to the Vaccine Act will be to the pertinent subparagraph of 42 U.S.C. § 300aa (2012).

consistent with shoulder injury related to vaccine administration ("SIRVA"), and that it was caused-in-fact by the Tdap vaccine she received on April 3, 2015." *Id.* at 3. Respondent further agrees that no other causes have been identified "for petitioner's SIRVA, and records show that she has suffered the sequela of her injury for more than six months." *Id.* Respondent additionally indicates that "based on the record as it now stands, petitioner has satisfied all legal prerequisites for compensation under the Act." *Id.* at 4.

**In view of respondent's concession and the evidence before me, the undersigned finds that petitioner is entitled to compensation.**

**IT IS SO ORDERED.**

<u>**s/Nora Beth Dorsey**</u>
Nora Beth Dorsey
Chief Special Master